The PEOPLE of the State of
Colorado, Complainant,

v.

William J. CONVERY,
Attorney Respondent.

No. 84SA419.

Supreme Court of Colorado,
En Banc.

May 28, 1985.

Linda Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Douglas G. McKinnon, Littleton, for respondent.

QUINN, Justice.

A complaint was filed with the Grievance Committee charging the respondent, William J. Convery, with professional misconduct. The Grievance Committee found that the respondent had violated the Code of Professional Responsibility and recommended discipline in the form of suspension. We approve the report of the Grievance Committee and enter an order of suspension.

The facts underlying the grievance complaint in this proceeding are as follows. David G. Standish agreed to purchase a home from Viking Construction Company and, after making the downpayment of $9400, moved into the home and expended approximately $6000 on improvements. Upon later discovering that Viking Construction Company did not have good title to the property, Standish contacted the respondent in July 1981 and paid him $550 as a retainer. The respondent agreed to bring an action to obtain good title or to file a mechanic's lien against the property and obtain reimbursement from Viking Construction Company. The respondent, however, took no action until December 21, 1981, when he sent a letter to Viking Construction Company. In the letter the respondent threatened to file a lawsuit if his client was not reimbursed by January 30, 1982. No further action was taken on the matter until July 13, 1982, when another demand for payment was made to Viking Construction Company. Having received no response to this letter, the respondent prepared a civil complaint and mailed it to Standish for his signature. Although Standish signed the complaint on August 7, 1982, and returned it to the respondent, the complaint was never filed.

On December 30, 1982, Viking Construction Company filed for bankruptcy. A notice of a creditors' meeting was mailed to

the respondent, but he failed to attend the meeting. Standish wrote to the respondent on March 2, 1983, for information on his claim and again wrote on June 3, 1983, but received no answer. In December 1983 the respondent telephoned Standish and advised him that he expected to receive $5800 from Viking Construction Company within a week. No funds, however, were received by Standish.

The Disciplinary Prosecutor filed a formal complaint before the Grievance Committee in February 1984. The respondent failed to answer the complaint and an order of default was entered. Thereafter, on May 18, 1984, a hearing board conducted a hearing on the appropriate form of discipline to be imposed. The respondent, who attended the hearing and was represented by counsel, admitted the allegations of the complaint. He also described to the hearing board some of the causes of his present predicament. These included a history of alcohol abuse, the lack of an organized system of office management, serious financial and marital problems, and an extremely poor self image. The respondent told the board that he had taken various steps to address his personal and professional problems, including abstaining from alcohol, psychiatric counseling, partial payment of restitution to Standish, and an improved office procedure.

The hearing board advised the respondent by letter that, rather than recommend an order of suspension, it was inclined to recommend that the respondent be permitted to continue the practice of law on the following conditions: (1) supervision by an experienced attorney for a minimum of two years; (2) involvement in a monitored antabuse program for at least two years; (3) weekly therapy sessions with his psychiatrist for at least one year; (4) payment of $3800 to Standish on or before August 18, 1984; (5) taking ten hours of office management and basic legal skill courses in addition to the mandatory requirements of Continued Legal Education; and (6) the purchase of an appropriate amount of malpractice insurance. The hearing board requested the respondent to propose a program to implement the conditions set forth in the letter and to submit this program to the board within thirty days. Although the respondent requested a brief extension of time, he failed to submit a program to the board.

An additional hearing was conducted on August 21, 1984. The hearing board found that the respondent had breached several disciplinary rules in his handling of the Standish matter and had also failed to comply with the board's request for a program designed to implement the conditions for the respondent's continued practice of law. The hearing board recommended that the respondent be suspended from the practice of law for one year and one day, that he be required to pay Standish $3500 in installments of $500 per month, and that he be assessed costs in the amount of $214.38. A hearing panel of the Grievance Committee approved the findings, conclusions, and recommendation of the hearing board.

The respondent has filed exceptions to the report of the hearing board, contending that he made a substantial effort to devise and implement a program of monitored supervision and counseling consistent with the hearing board's recommendation. We reject the respondent's contention and conclude that the findings, conclusions and recommendation of the Grievance Committee are clearly supported by the evidence.

We initially note that the respondent, by his own admission, engaged in professional misconduct that violated the following provisions of the Code of Professional Responsibility: DR 1–102(A)(4) (conduct involving misrepresentation); DR 1–102(A)(5) (conduct prejudicial to the administration of justice); DR 1–102(A)(6) (conduct adversely reflecting on the respondent's fitness to practice law); DR 6–101(A)(3) (neglect of a legal matter entrusted to respondent); and DR 7–101(A)(2) (failure to carry out a contract of employment for professional services). The evidence before the hearing board showed a chronic history of alcohol abuse, a disorganized office practice, a repeated pattern of procrastination, and a

lack of candor in facing up to serious professional and personal problems. Notwithstanding these problems, the hearing board initially believed that some disciplinary sanction less than suspension might be appropriate upon a showing by the respondent that he had established a structured rehabilitation program that would effectively address his problems. The respondent, however, failed to provide the board with the requested documentation and once again procrastinated and failed to confront the reality of his predicament. The respondent's professional misconduct in handling the Standish matter and his unwillingness to effectively deal with his many problems clearly demonstrate his present unfitness to practice law.

The respondent is accordingly suspended from the practice of law for the period of one year and a day and is also ordered to comply with the provisions of C.R.C.P. 241.21 relating to the completion and termination of all legal matters, the giving of notice to all clients and opposing counsel, and the maintenance of appropriate records as proof of compliance. The respondent is ordered to pay David G. Standish $3500, payable in installments of $500 per month commencing within sixty days from this date and continuing thereafter until the sum is paid in full, and to pay the costs of these proceedings in the amount of $214.38 by tendering this sum to the Supreme Court Grievance Committee, 190 East 9th Avenue, Suite 440, Denver, Colorado, 80203, within ninety days from this date. Any petition for reinstatement must be supported by clear and convincing evidence that the respondent is fit to practice law and has complied with all the reinstatement requirements of C.R.C.P. 241.22.